U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 14 2011

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MONROE M. WHITE, III,                §
                                     §
          Plaintiff,                 §
                                     §
VS.                                  §   NO. 4:10-CV-426-A
                                     §
MICHAEL J. ASTRUE,                   §
COMMISSIONER OF SOCIAL               §
SECURITY,                            §
                                     §
          Defendant.                 §

### MEMORANDUM OPINION
and
### ORDER

Before the Court for decision is the complaint of plaintiff, Monroe M. White, III ("White"), seeking judicial review of the final decisions of Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying White's claim for disability insurance benefits under Title II of the Social Security Act[1] and Supplemental Security Income ("SSI") disability benefits under Title XVI[2] of the Act. The Commissioner's final decisions, issued on May 15, 2008, determined that White was "not entitled to a period of disability and disability insurance benefits" for

---

[1] When applying for disability insurance benefits, the claimant must show he became disabled on or before the expiration of his insured status. See Barraza v. Barnhart, 61 F. App'x 917, 2003 WL 1098841, at *1 (5th Cir. 2003).

[2] When applying for SSI benefits, the first month for which SSI benefits can be paid is the month after the SSI application was filed regardless of how far back in time the disability may extend. 42 U.S.C. § 1382(c)(7); 20 C.F.R. § 416.335.

which he applied on July 18, 2005, and was "not eligible for
[S]upplemental [S]ecurity [I]ncome" disability benefits for which
he also applied on July 18, 2005.[3]  On May 2, 2011, the United
States Magistrate Judge issued his proposed findings and
conclusions and his recommendation ("FC&R") that the decision of
the Commissioner be reversed and remanded for further
administrative proceedings, and gave the parties until May 16,
2011, to file objections.  Although neither party filed
objections, the court ordered the Commissioner to file a response
to the magistrate judge's FC&R.  White filed a reply to the
Commissioner's response.  Having now considered the filings of
the parties, the administrative record, the FC&R, and applicable
legal authorities, the court has decided that the decision of the
Commissioner should be affirmed.

I.

Positions Taken by the Parties and the FC&R

A.   Plaintiff's Opening Brief and Reply Brief

In his opening brief filed with the magistrate judge, White
defined the issues presented as follows:

---

[3] The language quoted in the text is the decision of the administrative law judge, R. at 3Q, which became the final decision of the Commissioner, id. at 3A.

2

1.(a)    The ALJ erred in failing to obtain an updated
         medical opinion of a medical expert as to the
         medical equivalency of Plaintiff's combined
         impairments.

1(b)     The ALJ erred in failing to consult a medical
         expert regarding Plaintiff's RFC.

2.       The ALJ's failure to obtain an updated
         medical expert opinion constitutes the ALJ's
         failure properly to develop the case.

3.(a)    The ALJ erred in failing to give controlling
         weight to the opinion of the treating
         physician.

3(b)     The ALJ erred in failing to direct the
         Plaintiff to obtain a more detailed report
         from the treating physician, when the ALJ
         found the treating physician's opinion to be
         insufficiently supported by treating notes.

3(c)     The ALJ erred in failing to complete the 20
         C.F.R. § 404.1527(d)(2) analysis of the
         treating physician's view before rejecting
         them.

4.       The ALJ wholly failed to acknowledge certain
         evidence favorable to Plaintiff.

5.       The ALJ erred in finding Plaintiff's AIDS,
         bi-polar disorder, visual hallucinations;
         pericarditis; anasarca; chronic fatigue;
         lumbar scoliosis; back and neck pain; and
         diarrhea not to be "severe."

6.       While the ALJ summarized the medical
         evidence, his RFC assessment is simply
         conclusory and does not contain any rationale
         or reference to the supporting evidence, as
         required by SSR 96-8P.

7.        The ALJ failed to order a consultative
examination to develop the case as to
Plaintiff's physical condition, and thus
erred in failing properly to develop the
case.

Pl.'s Br. at iii (punctuation and spacing in original).

White's reply brief reiterated each of these arguments.

B.    Commissioner's Responsive Brief

Commissioner responded that substantial evidence supported the ALJ's determinations as to the nature of White's severe impairments at step two of the ALJ's five-step analysis.[4] Furthermore, Commissioner contended, substantial evidence supported the ALJ's determinations as to the nature of White's severe impairments at step two of the ALJ's five-step analysis.[5] Next, Commissioner contended, the ALJ's step three analysis properly found that White did not have an impairment or

---

[4] Commissioner's argument on this point addressed White's arguments 1(a) and 5 with respect to the ALJ's step-two analysis.

[5] The magistrate judge correctly described the five-step analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920 to determine whether plaintiff is disabled. First, the claimant must not be presently working at any substantial gainful activity as defined in the regulations. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, the impairment or combination of impairments must meet or equal an impairment listed in the appendix to the regulations. 20 C.F.R. pt. 404, subst. P, App. 1; 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, the impairment or impairments must prevent the claimant from returning to past relevant work. Id. §§ 404.1520(e), 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. Id. §§ 404.1520(f), 416.920(f). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. Crowley v. Apfel, 197 F.3d 194, 198 (5th Cir. 1999). If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing despite his existing impairments. Id.

combination of impairments that met or equaled a listing for
presumptive disability.[6]  As to the ALJ's step four finding,
Commissioner argued that the ALJ correctly found that White
retained the RFC to work as a cashier and perform the exertional
and non-exertional requirements of repetitive, non-complex work
that required no independent judgment; the ALJ correctly refused
to defer to medical opinions that lacked support or contradicted
the weight of objective evidence in the record; and moreover,
substantial evidence supported the ALJ's finding to deny benefits
based on his RFC determination.[7]  Finally, Commissioner contended
that the ALJ properly discounted the weight of the medical
opinion of White's treating physician, Dr. Juan L. Garza.[8]

C.    The FC&R

The recommendation of the magistrate judge was that
Commissioner's decision be reversed and that the matter be
remanded for further administrative proceedings consistent with

---

[6] Commissioner's argument on this point addressed White's arguments 1(b) and 2 with respect to the ALJ's step three analysis.

[7] Commissioner's argument on this point addressed White's arguments 1(b), 2, 4, 6, and 7, with respect to the ALJ's physical residual functional capacity assessment.

[8] Commissioner's argument on this point addressed White's argument 3 with respect to Dr. Juan Garza's medical opinion.

the magistrate judge's proposed findings and conclusions.  The

magistrate judge considered the issues to be decided to be:[9]

1.    Whether the ALJ erred in failing to find White's
      impairments of AIDS, bipolar disorder, visual
      hallucinations, pericarditis, anasarca, chronic
      fatigue, lumbar scoliosis, back and neck pain, and
      diarrhea as severe impairments at Step Two;

2.    Whether the ALJ erred in failing to obtain an
      updated medical opinion of a medical expert at
      Step Three as to the medical equivalency of
      White's combined impairments;

3.    Whether the ALJ's residual functional capacity
      ("RFC") determination is supported by substantial
      evidence and complies with Social Security Ruling
      ("SSR") 96-8p.

4.    Whether the ALJ erred in his duty to develop the
      case by failing to obtain an updated medical
      expert opinion and failing to order a consultative
      examination; and

5.    Whether the ALJ erred in his analysis of the
      opinion of White's treating physician.

FC&R at 4.

     The magistrate judge concluded that the first and second

issues that he defined should be resolved in favor of

Commissioner.[10]   Id. at 10, 13.  On the third issue he defined,

---

[9] The magistrate judge noted that he "reorganized the issues [in White's brief] in an attempt to reduce redundancy and improve clarity." FC&R at 4, n.1. However, the magistrate judge did not state which of White's issues were addressed in each of the restated issues in his FC&R.

[10] On the first issue, the magistrate judge concluded that "the ALJ's analysis at Step Two regarding which impairments were severe [was] supported by substantial evidence." FC&R at 10. On the second issue, the magistrate judge concluded that the "ALJ sufficiently identified the rationale underlying his adverse finding at Step Three, and White [had] not demonstrated that he suffered

however, the magistrate judge found a "problem with the ALJ's RFC determination" at step four and concluded "that the ALJ does not point to any specific, relevant evidence supporting his conclusion that White actually has the unlimited ability to perform all exertional levels without restrictions in the work place." Id. at 17. The magistrate judge also found that the ALJ "did not even give an opinion on whether White was restricted in his ability to perform activities in a work setting on a regular and continuing basis." Id. at 18.  The magistrate judge then concluded that the ALJ's finding was not supported by substantial evidence, and ordered that the case be remanded because "the ALJ failed to comply with SSR 96-8p and there [was] not substantial evidence supporting his RFC determination."  Id.

The magistrate judge chose not to make proposed findings or conclusions as to the remaining issues, which concerned the ALJ's duty to develop the record and his analysis of the opinion of Dr. Garza.  Id.

D.   Commissioner's Response

In response to the FC&R, Commissioner argued that the ALJ's evaluation of White's favorable objective diagnostic examinations and improper motivation for seeking disability benefits fully

_____

substantial prejudice as a result of any alleged deficiencies in the ALJ's discussion." Id. at 13.

supported the ALJ's RFC determination.  First, Commissioner argued, the ALJ properly presented a specific narrative discussion in making his RFC determination.  Second, Commissioner argued, the ALJ provided an opinion on whether White was restricted in his ability to perform activities in a work setting on a regular and continuing basis.  Having concluded that the ALJ applied the proper standard at step four, Commissioner argued that substantial evidence supported Commissioner's RFC determination.  To reinforce its position on that issue, Commissioner referred to record references and arguments made by Commissioner in its response to White's opening brief.

E.   Plaintiff's Reply to Commissioner's Response

White's reply to Commissioner's response made three rebuttal points, arguing that: the medical opinions favorable to White were not specific medical facts that supported the ALJ's decision; Dr. Garza's medical evaluations did not make conclusory statements on the issue of disability; and the ALJ was required, but failed, to make a separate affirmative finding that White could do sustained work activity on a regular and continuing basis.

II.

Analysis

The court concludes that White's complaint is without merit

and that the ALJ properly denied his claims based on its

conclusion that White had the RFC to return to his prior work as

a cashier.  In reviewing the ALJ's step four finding, the court

considers: (a) whether substantial evidence supports the ALJ's

RFC assessment and finding that White could return to his prior

work as a cashier, (b) whether the ALJ had a duty to request a

consultative medical opinion on White's ability to work, and (c)

whether the ALJ properly evaluated the medical opinion of Dr.

Garza.

A.    Substantial Evidence Supports the ALJ's Step Four
      Finding

In deciding not to accept the magistrate judge's

recommendation, the court notes that judicial review of the

decision of the Commissioner of nondisability is limited to two

inquiries: (1) whether substantial evidence of record supports

the Commissioner's decision and (2) whether the decision comports

with relevant standards.  See Anthony v. Sullivan, 954 F.2d 289,

292 (5th Cir. 1992).  The basis of the magistrate judge's

recommendation of reversal and remand was that the ALJ's failure

to make specific citations to the medical evidence was

9

insufficient to indicate that he had provided a specific

narrative of White's ability to work in his RFC assessment and

that the ALJ's finding was not supported by substantial evidence.

The RFC is a combined medical assessment of an applicant's

impairments with descriptions by physicians, the applicant, or

others of any limitations on the applicant's ability to do work.

Hollis v. Bowen, 837 F.2d 1378, 1386-87 (5th Cir. 1988).  As

Social Security Ruling ("SSR") 96-8p requires:

> The RFC assessment must include a narrative discussion
> describing how the evidence supports each conclusion,
> citing specific medical facts (e.g., laboratory
> findings) and nonmedical evidence (e.g., daily
> activities, observations). In assessing RFC, the
> adjudicator must discuss the individual's ability to
> perform sustained work activities in an ordinary work
> setting on a regular and continuing basis (i.e., 8
> hours a day, for 5 days a week, or an equivalent work
> schedule), and describe the maximum amount of each
> work-related activity the individual can perform based
> on the evidence available in the case record.

SSR 96-8p.

The ALJ made the following step four findings and

conclusions that resulted in his decision that White was not

eligible for disability insurance benefits or SSI disability

benefits:

> 5.   At all times since September 1, 1999, the claimant
>      has retained the functional capacity to perform,
>      on a continuing and sustained basis, the
>      exertional and nonexertional requirements of work
>      activity which does not require any independent

10

judgment and which is repetitive and non-complex
in nature. . . .

6. The claimant's past relevant work as a cashier, as
it is customarily performed in the national
economy, does not require the performance of work-
related activities precluded by the claimant's
residual functional capacity. . . .

7. The claimant's impairments do not prevent the
claimant from performing his past relevant work as
it is customarily performed in the national
economy. . . .

8. The claimant was not under a "disability," as
defined in the Social Security Act, at any time
through the date of this decision.

> The claimant has therefore failed to
> establish that he was disabled at any time
> through September 30, 2004, the date he was
> last insured for Title II purposes, or at any
> time relevant to his SSI application
> protectively filed on July 18, 2005.

R. at 30-3P (internal citations omitted).

The court is satisfied that there is substantial evidence to
support the ALJ's step four findings, and that the ALJ properly
considered all evidence before him in making his findings and
conclusions and reaching his decision.[11]  The court concludes
that the ALJ's consideration of White's favorable diagnostic
examinations and improper motivation for seeking disability

---

[11] Substantial evidence is such evidence that a reasonable mind might accept as adequate to
support the decision.  See Richardson v. Perales, 402 U.S. 389, 401 (1971). "[N]o substantial evidence"
will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical
evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (per curiam).

benefits fully supports the RFC determination and finding that
White can perform the exertional and nonexertional work
requirements of a cashier.  R. at 30.  The ALJ did not overlook
the medical records or rely only upon the credibility of White's
statements in deciding the RFC assessment.  R. at 3J-30.

First, the magistrate judge was wrong when he said that the
ALJ's RFC determination failed to point to any specific, relevant
evidence to support his conclusion.[12]  The evidence referenced by
the ALJ is extensive: The ALJ noted that White had several
physical examinations in September 2004, July 2005, and January
2006 that yielded either normal or unremarkable results, R. at
3J, 3K, 95, 220, 235, 269, 276, 293, 432, including an
echocardiogram examination that showed no significant
abnormalities, R. at 3K, 115.  Additionally, the ALJ noted that
White's HIV was stable and his viral load was improving, R. at
3L, 220, 251, 260, 269, even as he was observed to be
"noncompliant with medications," R. at 3K, 119.

---

[12] The magistrate judge explained that "[a]lthough the ALJ went through a recitation of the
majority of the evidence in the record, the ALJ 'failed to present a narrative discussion, citing to specific
[as opposed to general] medical facts and non-medical evidence, to describe how the evidence supports
his conclusion as to Plaintiff's RFC, which he is required to do when making his RFC assessment."
FC&R at 18 (citing to Carillo v. Astrue, No. A-08-CA-774-SS, 2009 WL 4667122, at *10 (W.D. Tex.
Nov. 30, 2009)) (footnote omitted).

The ALJ also noted there was evidence that White merely sought medical attention for purposes of disability documentation, as opposed to treatment. R. at 30. Such evidence supports the ALJ's step four finding that White's claims of work limitations were not credible. Id. For instance, Dr. McClure, a psychologist, had questioned White's motivation to seek treatment and concluded that White was seeking treatment based on some type of secondary gain. R. at 3K, 159, 192. During White's visit, he announced that "he needed to be diagnosed for disability documentation" and that his HIV-positive status was "not enough to be eligible for disability." R. at 3K, 153. Then, instead of listing his symptoms, he merely insisted upon obtaining disability documentation. Id. As a result, Dr. McClure observed that White's "report of symptoms lacked authenticity and was non-persuasive," and his complaints "includ[ed] some improbable symptoms." R. at 192.

In fact, as the ALJ observed, there was probative evidence that showed White retained the capacity to work as a cashier. A claimant's daily activities may be appropriately considered when deciding the claimant's disability status. See Leggett v. Chater, 67 F.3d 558, 565 n.12 (5th Cir. 1995). The court notes that in a December 2005 psychological examination with Dr.

McClure, White admitted that he played video games, chatted online, and exercised regularly, and that his physical activity included "pacing," "walking and sometimes riding his bike around the block." R. at 3K, 156. The court finds it significant, as well, that White conceded in his reply brief before the magistrate judge that "[t]he predominant theme of [his] appeal is not that the ALJ's decision is not supported by substantial evidence." Pl.'s Reply Br. at 2.

Finally, the court concludes that, in making the RFC evaluation, the ALJ was correct to reject three different medical opinions that were conclusory and unsupported by the medical record as a whole. R. at 3L, 207-11. An ALJ is free to reject a physician's opinion when evidence supports a contrary opinion. See Martinez v. Chater, 64 F.3d 172, 176 (5th Cir. 1995). In addition to being inconsistent with other evidence in the record, Dr. Garza's September 2006 disability opinion was also deficient for its omissions.[13] R. at 210. As for the January 2006 opinion from Dr. John Durfor, a non-treating physician, that statement did not, as it was required to do, support the findings through citation to specific clinical and laboratory findings or

---

[13] The statement neglected to answer the following question: "What is the earliest date your patient reached the level of impairment described by the foregoing limitations?" R. at 210.

observations.  R. at 161.  Nor did it provide findings of fact,

other than to say that White's "alleged degree of limitation is

not fully supported by the medical and other evidence obtained."

R. at 166.  The same shortcomings are true of Dr. David

Engleking's January 2008 opinion--not only did that opinion fail

to provide findings of fact, its disability conclusion is based

on a finding that White "uses a cane," which conflicts with

White's own admission that he can bicycle around the block.  R.

at 156, 211.[14]

White next argues that the ALJ's RFC was conclusory because

the ALJ did not discuss which medical evidence was accepted.  The

Fifth Circuit, however, has recognized that requiring the ALJ to

specifically articulate the evidence accepted or rejected was an

unnecessarily rigid approach.  Falco v. Shalala, 27 F.3d 160,

163-64 (5th Cir. 1994).  That the ALJ did not follow formalistic

rules in his articulation did not compromise the fairness or

accuracy of the process.  Id. at 164.  Here, the ALJ evaluated

the persuasiveness of the medical evidence, discussed White's

---

[14]In light of these facts, the court also concludes that the magistrate judge was incorrect
when it stated that, "the only evidence in the record in which a physician actually opines on
White's ability to perform physical tasks in a work-related setting indicates that White does have
physical limitations on his ability to do sustained work activity on a regular and continuing
basis." FC&R at 18. As discussed further in section II.C, the ALJ examined and explained the
various deficiencies in Dr. Garza's medical statement. R. at 3L, R. at 422.

daily activities and motivation for applying for disability
benefits, and found his subjective complaints exaggerated and not
credible.  R. at 3J-3P.

Furthermore, the court notes that, contrary to the
magistrate judge's conclusion, the ALJ was not required to make a
separate finding on White's ability to maintain employment on a
sustainable basis.  See Perez v. Barnhart, 415 F.3d 457, 465 (5th
Cir. 2005) (holding that the ALJ is only required to make a
specific finding regarding the claimant's ability to maintain
employment when the claimant can make a showing that his physical
ailment "waxes and wanes in its manifestation of disability
symptoms").  A specific finding on the ability to maintain
employment is not required, where there is no evidence that the
ability to maintain employment was compromised, or no evidence
that the ALJ misunderstood that the definition of "residual
functional capacity" includes the understanding that the claimant
can maintain his assigned level of activity.  See Dunbar v.
Barnhart, 330 F.3d 670, 672 (5th Cir. 2003).

Based on the evidence, White has not been able to make this
showing.  R. at 210 (stating that at most, White is estimated to
be absent from work one day a month because of his alleged
impairments).  In line with the SSR 96-8p definition of a

"regular and continuing basis," the ALJ also stated that White "retained the functional capacity to perform, <u>on a continuing and sustained basis</u>, the exertional and nonexertional requirements of work activity which does not require any independent judgment and which is repetitive and non-complex in nature." R. at 30 (citing to 20 C.F.R. §§ 404.1545, 416.945) (emphasis added).

In sum, the ALJ properly considered White's normal physical and other diagnostic examination results and motivation for seeking disability benefits in concluding that White was able to perform work at all exertional levels. R. at 30; <u>see</u> 20 C.F.R. §§ 404.1545, 416.945 (the Commissioner considers all relevant evidence of record in determining a claimant's RFC).

Having concluded that substantial evidence supports the ALJ's step four finding, the court now turns to the remaining issues, which the magistrate judge did not reach.

B.   <u>The ALJ's Duty to Consult a Medical Expert</u>

White argues that at the hearing, the ALJ should have consulted a medical expert for assistance in making the RFC assessment.

The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. <u>Pierre v. Sullivan</u>, 884 F.2d 799, 802 (5th Cir. 1989); <u>Kane v. Heckler</u>,

731 F.2d 1216, 1219 (5th Cir. 1984).  If the ALJ does not satisfy his duty, his decision is not substantially justified.  Kane, 731 F.2d at 1219.  Reversal of his decision, however, is appropriate only if the applicant shows that he was prejudiced.  Id. at 1220. Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision.  Id.

Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing.  Ripley, 97 F.3d at 557.  The absence of such a statement, however, does not, in itself, make the record incomplete.  Id.  Where no medical statement has been provided, the court focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record.  Id.

As the court noted previously in section II.A, substantial evidence supports the ALJ's step four finding.  The ALJ's RFC assessment was based on White's medical records showing normal results, along with psychologic statements stating that he exaggerated the extent of his symptoms.  R. at 30.  The ALJ, in making this assessment, also rejected disability statements that were either incomplete or inconsistent with the medical record.

Id.  The evidence that was available for review shows normal
results from White's physical and other diagnostic examinations,
all of which clearly supports the ALJ's RFC assessment, R. at 3J,
3K, 95, 220, 235, 269, 276, 293, 432.

The court notes that the ALJ harbors the discretion to order
a consultative examination.  See Anderson v. Sullivan, 887 F.2d.
630, 634 (5th Cir. 1989); 20 C.F.R. §§ 404.1519a(a)(1),
416.919a(a)(1).  A consultative examination is not required if
the record is sufficient for the ALJ to make a decision.  See 20
C.F.R. §§ 404.1517, 404.1519a(b), 416.917, 416.919a(b).  In this
case, the record was sufficient: it contained White's medical
history, along with clinical findings, laboratory findings, and
statements of diagnoses for him.  See 20 C.F.R. §§
404.1513(b)(6), 416.913(b)(6).  The ALJ analyzed and discussed a
medical record replete with White's medical history, clinical
findings, laboratory findings, and statement of diagnoses.  R. at
3K-30.

The court concludes that because substantial evidence
supported the ALJ's step four finding, the ALJ did not err when
he did not request a medical opinion on the type of work White
could perform to supplement the record in making the RFC
assessment.

C.   Dr. Garza's Medical Opinion

White argues that the ALJ should have accorded the opinion of his treating physician, Dr. Garza, greater weight, in making his RFC assessment.

The court concludes that the ALJ properly discounted the weight of Dr. Garza's opinion because it was not supported by objective evidence in the record, and because it incorrectly described White's impairment as AIDS when evidence indicated he was only HIV positive.  R. at 3L.  The ALJ as a fact-finder has the sole responsibility for weighing the evidence and choosing the opinion better supported by the record.  See Muse v. Sullivan, 925 F.2d 785, 790 (5th Cir. 1991).  Although a treating physician's opinions are generally given considerable weight, such opinions may be given "little or no weight" when good cause exists.  See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).  As relevant here, good cause includes statements "not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence."  Id.  Additionally, an opinion that plaintiff was disabled is entitled to no weight, as that determination is reserved to the Commissioner.  See Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003).

The record shows that Dr. Garza's September 2006 report contradicts the other medical evidence that carries greater weight. R. at 207-08. Dr. Garza's opinion that bipolar disorder affected White's physical condition, R. at 207-08, conflicts with the opinion of a psychologist, Dr. McClure, who had determined that White's self-reports of symptoms due to bipolar disorder lacked authenticity and were non-persuasive. R. at 159. As a psychologist, Dr. McClure is a mental health specialist; Dr. Garza is not. Dr. McClure's mental health opinion as a specialist carries more weight than Dr. Garza's non-specialist opinion. See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5).

The court concludes that the ALJ was not required to accord greater weight to Dr. Garza's opinion in arriving at the RFC assessment and finding that White could return to his prior work as a cashier.

III.

### Conclusion and Order

In all, the record shows that the ALJ considered all of White's impairments, and noted his complaints, but noted that "he is simply not credible" and that his testimony and other statements concerning his complaints were "greatly exaggerated." R. at 30. The court concludes that the ALJ did not err in making

21

his RFC finding that White could sustain work at the determined level.  20 C.F.R. §§ 404.1545(b), (c), 416.945(b), (c).  The court has no reason to disbelieve the ALJ when he said "[a]ll pertinent evidence has been thoroughly evaluated," and when he introduced the findings set forth above with the statement that the findings were made "[a]fter careful consideration of the entire record."  R. at 3I.  Accordingly, the court affirms the ALJ's decision with respect to its finding that White was not entitled to recover under his Title II claim for disability insurance benefits and his Title XVI claim for SSI disability benefits.

To whatever extent the findings and conclusions of the magistrate judge are inconsistent with this memorandum opinion and order, they do not meet with the court's approval.  The findings and conclusions of the magistrate judge that are consistent with this memorandum opinion and order are approved. The court concludes that the recommendation of the magistrate judge should be rejected, and that Commissioner's decisions should be affirmed.

Therefore,

The court ORDERS that the decisions of Commissioner that

White was not entitled to a period of disability or the disability insurance benefits under Title II of the Social Security Act for which he applied on July 18, 2005, and that he was not eligible for the Supplemental Security Income disability benefits under Title XVI of the Act for which he applied on July 18, 2005, be, and are hereby, affirmed.

SIGNED October 14, 2011.

JOHN McBRYDE
United States District Judge